IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:25-cv-03170-CNS-KAS

J. VAN KIMMEY,

Plaintiff,

v.

CAPITAL ONE, N.A.,

Defendant.

---

ORDER

---

Before the Court is Plaintiff's Objection to the Magistrate Judge's Recommendation. ECF No. 45. Those objections are OVERRULED and the Magistrate Judge's Recommendation and Order, ECF No. 43, is AFFIRMED and ADOPTED. In addressing Plaintiff's objections, the Court incorporates the magistrate judge's recitation of this case's factual background. *See* ECF No. 43 at 2–3.

## I. SUMMARY FOR *PRO SE* PLAINTIFF

Defendant filed a motion to dismiss this action. After briefing was complete, you filed a motion for leave to file surreply. The Magistrate Judge reviewed the motions and denied your motion for leave to file surreply. The Magistrate Judge also recommended that this Court grant Defendant's motion to dismiss your claims without prejudice. You then filed objections to the Magistrate Judge's Recommendation. The Court has

reviewed and considered your objections, but for the reasons explained below, the Court does not agree. As a result, the objections are overruled, and the Court adopts in full the Recommendation of the Magistrate Judge.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), this Court must "review de novo the Magistrate Judge's recommendation as to dispositive issues." *Cassidy v. Millers Cas. Ins. Co. of Texas*, 1 F. Supp. 2d 1200, 1205 (D. Colo. 1998). In reviewing objections, the District Court may "accept, reject, or modify the recommended disposition, receive further evidence, or return the matter to the Magistrate Judge with instructions." Fed. R. Civ. P 72(b)(3). "An objection to a recommendation is properly made if it is both timely and specific." *Latimore v. Denver Hous. Auth. of City & Cnty. of Denver*, No. 1:22-cv-01979-CNS-KLM, 2022 WL 4103297, at *1 (D. Colo. Sept. 8, 2022) (citing *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996)). "An objection is sufficiently specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* (citing *2121 East 30th St.*, 73 F.3d at 1059).

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Allegations are read in "the context of the entire complaint." *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1207 (10th Cir. 2022) (quotation omitted). In evaluating a motion to dismiss, "the court must take as true all well-pleaded facts, as distinguished from conclusory allegations, view all reasonable inferences in favor of the nonmoving party, and liberally construe the

pleadings." *Reznik v. inContact, Inc.*, 18 F.4th 1257, 1260 (10th Cir. 2021) (citation modified). A plausible claim is one that allows the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then a plaintiff has failed to "nudge [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quotation omitted). In assessing a claim's plausibility, "legal conclusions" contained in the complaint are not entitled to the assumption of truth. *See Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). The standard, however, remains a liberal pleading standard, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Dias v. City & County of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quotation omitted).

As Plaintiff proceeds pro se, the Court construes her filings liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), but does not act as her advocate, *see Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009).

## III. SUMMARY OF THE MAGISTRATE JUDGE'S RULING

The Magistrate Judge denied Plaintiff's Motion for Leave to File a Surreply in Opposition to Defendant's Motion to Dismiss Plaintiff's Amended Complaint, ECF No. 41, and recommended that Plaintiff's claims be dismissed without prejudice. ECF No. 43 at

4–5, 10. The Magistrate Judge found that the amended complaint[1] failed to identify when Plaintiff provided written notice to Defendant or if Plaintiff sent any such communication to the address that Defendant uses for billing inquiries, and that these factual gaps were fatal to Plaintiff's Fair Credit Billing Act (FCBA) claim. *Id*. at 5–7 (citing *Humphrey v. U.S. Bank, N.A.*, No. 11-CV-272-GFK-PJC, 2012 WL 3686272, at *4 (N.D. Okla. Aug. 24, 2012)). The Magistrate Judge found that the same factual deficiencies were also fatal to Plaintiff's claim under 12 C.F.R. § 1026.13(f). *Id*. at 8 ("The regulation expressly states that a creditor 'shall mail or deliver written acknowledgment to the consumer within 30 days of receiving error notice[.]'"). Next, the Magistrate Judge recommended dismissal of Plaintiff's claims under the Federal Trade Commission Act, 15 U.S.C. § 45, and the Consumer Financial Protection Act, 12 U.S.C. § 5531, because neither statute provides a private cause of action. *Id*. at 8–9. The Magistrate Judge then recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's final Colorado Consumer Protection Act claim. *Id*. at 9.

Accordingly, the Magistrate Judge recommended that Defendant's motion to dismiss be granted and Plaintiff's claims be dismissed without prejudice. *Id*. at 10.

## IV. ANALYSIS

Plaintiff does not object to the dismissal of his Federal Trade Commission Act, Consumer Financial Protection Act, and Colorado Consumer Protection Act claims. ECF No. 45 at 2. Plaintiff instead objects to the dismissal of the FCBA and 12 C.F.R. §

[1] *See* ECF No. 43 at 2 n.2 (referring to the operative complaint, ECF No. 15, as Amended Complaint rather than Second Amended Complaint for the sake of accuracy and consistency).

1026.13(f) claims based on factual deficiencies in the amended complaint. *Id*. at 1. Plaintiff's primary contention is that the Court should not terminate the action before considering his proposed second amended complaint, ECF No. 46. ECF No. 45 at 1.

Plaintiff appears to be concerned that the Magistrate Judge permanently dismissed his claims based on futility of amendment. ECF No. 45 at 3. Not so. The Magistrate Judge recommended that his claims be dismissed without prejudice to his right to move for leave to file another amended complaint and did not recommend that the Court terminate this action. ECF No. 43 at 10. Thus, Plaintiff has not demonstrated that the Magistrate Judge erred in recommending dismissal of his claims without prejudice.

Plaintiff also argues that the motion to dismiss should not be granted because he has filed a motion for leave to amend. ECF No. 45 at 5. However, the filing of a motion to amend does not disturb the Magistrate Judge's recommendation because the Magistrate Judge did not find that amendment would be futile. The Magistrate Judge could not have considered the motion to amend in her ruling because Plaintiff filed the motion after the Magistrate Judge issued the recommendation. *See* ECF Nos. 43, 46. Thus, the Court is not convinced that the Magistrate Judge erred in recommending dismissal of Plaintiff's claims.

## V. CONCLUSION

Consistent with the above analysis, Plaintiff's Objection to the Magistrate Judge's Recommendation, ECF No. 45, is OVERRULED. The Court AFFIRMS and ADOPTS the

Recommendation of the United States Magistrate Judge. Defendant's Motion to Dismiss, ECF No. 23, is GRANTED and Plaintiff's claims are dismissed without prejudice.[2]

DATED this 28th day of September 2026.

BY THE COURT:

Charlotte N. Sweeney
United States District Judge

[2] This action is open and Plaintiff's Opposed Motion for Leave to File Second Amended and Supplemental Complaint, ECF No. 46, remains pending. Defendant is ordered to file a response within 21 days of this Order.